IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 3, 2018

## ERIC BLEDSOE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 09-06393      Chris Craft, Judge**

_____

## No. W2017-01399-CCA-R3-PC

_____

The Petitioner, Eric Bledsoe, appeals as of right from the dismissal of his petition for post-conviction relief, wherein he requested DNA analysis pursuant to Tennessee Code Annotated section 40-30-303. On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction DNA analysis because the evidence was already tested. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Eric Bledsoe, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Marianne L. Bell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## FACTUAL AND PROCEDURAL BACKGROUND

On October 8, 2009, the Shelby County grand jury indicted the Petitioner of one count of aggravated rape, one count of aggravated burglary, and one count of theft of property valued at $1,000 or more but less than $10,000. On April 16, 2012, the Petitioner's case went to trial, and the jury convicted him as charged. At the subsequent sentencing hearing, the trial court sentenced the Petitioner to an effective sentence of sixty-five years to be served in the Tennessee Department of Correction. On direct appeal, this court affirmed his convictions and sentences. State v. Eric Bledsoe, No. W2012-01643-CCA-R3-CD, 2013 WL 3968780 (Tenn. Crim. App. July 31, 2013), perm. app. denied (Tenn. Nov. 14, 2013).

Thereafter, the Petitioner filed for post-conviction relief alleging ineffective assistance of counsel. The post-conviction court denied relief, and this court affirmed the denial on appeal. Eric Bledsoe v. State, No. W2016-00419-CCA-R3-PC, 2017 WL 1380022 (Tenn. Crim. App. April 13, 2017), perm. app. denied (Tenn. Aug. 18, 2017).

The relevant facts underlying the offenses that were introduced at Petitioner's jury trial are as follows:

On May 18, 2009, the Petitioner came into victim's townhome through her open window and sexually assaulted the victim. When the victim fought back, the Petitioner placed both hands around the victim's neck and choked her until she was unconscious. When the victim regained consciousness, the [Petitioner] was gone, and she noticed that her underwear had been pushed to the side.

. . . .

Dr. Amanda Taylor, a sexual assault nurse examiner at the Rape Crisis Center, testified as an expert witness in forensic nursing and sexual assault examinations. The victim arrived at the Rape Crisis Center at 9:30 a.m. on May 18, 2009…. In this case, the victim had injuries both to her neck and thighs, and they were fresh injuries at the time of the physical examination. The victim also had a genital examination, which involved both an internal and external examination…. Dr. Taylor collected a rape kit consisting of four swabs from the victim's mouth for baseline DNA, four swabs from the "vulvar area," and four swabs from the internal genital area. The kit also included the victim's underwear.

. . . .

Donna Nelson, a special agent forensic scientist assigned to the serology[, and] DNA unit with the TBI testified as an expert witness in the area of DNA analysis. Her job at the TBI was to process evidence for DNA and test any DNA evidence for possible matches. After receiving the rape kit, Special Agent Nelson first tested the vaginal swabs for the presence of semen. The vaginal swabs tested negative for the presence of semen. The vulvar swabs were then tested for the presence of alpha amylase, an enzyme found in saliva. The tests returned positive results for the presence of alpha amylase. Because the alpha amylase is found in other substances, its presence only indicates the possibility of the presence of saliva, and is not conclusory. The victim's underwear tested positive for the presence of semen, on the inside of the underwear, in the "front of the crotch area." After these tests were performed, the evidence was returned to the TBI's

evidence vault, and Special Agent Nelson requested a DNA standard from the [Petitioner]. The semen found on the victim's underwear was matched to the [Petitioner's] DNA. Dr. Taylor's report on the DNA test results stated that the "probability of an unrelated individual having the same DNA profile from either the African American, Caucasian, Southeastern Hispanic or Southwestern Hispanic population exceeds the current world population."

For a full recitation of the facts, see State v. Bledsoe, 2013 WL 3968780, at *1-3 (Tenn. Crim. App. July 31, 2013).

While the Petitioner's post-conviction appeal was pending in this court, the Petitioner filed a pro se petition for post-conviction relief requesting DNA analysis pursuant to the Post-Conviction DNA Analysis Act of 2001. Specifically, the Petitioner sought the testing of the victim's "panties, bedsheets, and [a] white piece of tissue," and he alleged that the DNA testing "would show that the DNA was not that of the [P]etitioner, thereby establishing the [P]etitioner's actual innocence."

In its June 7, 2017 order denying the petition for DNA testing, the post-conviction court concluded that the Petitioner failed to establish the third requirement of Tennessee Code Annotated section 40-30-304. In accordance with those statutory requirements, the court found that "the DNA evidence ha[d] in fact previously been tested and the results of those tests were admitted as evidence in the [P]etitioner's jury trial against him to prove his guilt." This appeal followed.

## ANALYSIS

On appeal, the Petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction DNA analysis. Specifically, the Petitioner argues that additional DNA testing of the evidence presented at trial would show that the DNA that was found does not belong to the Petitioner. The State responds that the Petitioner is not entitled to relief because the post-conviction court correctly concluded that he failed to meet the four criteria in Tennessee Code Annotated section 40-30-304.

The Post-Conviction DNA Analysis Act of 2001 provides that:

[A] person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or

-3-

court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-303.

A post-conviction court is obligated to order DNA analysis when a petitioner has met each of the following four conditions:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-304.

This court has held that "the failure to meet any of the qualifying criteria is, of course, fatal to the action." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App. Apr. 24, 2003). The post-conviction court found the evidence was previously subjected to DNA analysis and conclusively identified the Petitioner's DNA in the semen found in the victim's underwear. Thus, the Petitioner has failed to establish the third factor required under section 40-30-304 for post-conviction DNA analysis testing. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the post-conviction court's dismissal of the petition for post-conviction relief is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-